UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANO ALANIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>    Defendants. | Case No. 20-cv-01351-JST<br><br>**ORDER TRANSFERRING CASE**<br><br>Re: ECF No. 16 |

Before the Court is a motion to stay or transfer brought by Defendant Toyota Motor Sales U.S.A., Inc. ("TMS"). ECF No. 16. TMS seeks to transfer this case under 28 U.S.C. § 1404(a) to the Eastern District of Texas, where related consolidated proceedings are pending, or to stay the case until those proceedings have concluded. This Court previously stayed consideration of TMS's motion pending the Texas court's determination of Plaintiff Mariano Alaniz's motion to intervene in that matter. ECF No. 27. Alaniz sought intervention "for the limited purpose of requesting a transfer to this District pursuant to the first-filed rule." ECF No. 18 at 7. The Texas court has now denied Alaniz's motion. *In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495, at *1 (E.D. Tex. Oct. 21, 2020).

Absent consent of the parties, a case may only be transferred under Section 1404(a) to a "district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue is proper in "a judicial district in which any defendant resides, if all defendants are resident of the State." 28 U.S.C. § 1391(b)(1). TMS argues that the case could have been brought in the Eastern District of Texas because TMS resides there. Alaniz does not dispute TMS's residency but argues that Section 1391(b)(1) does not apply because the other defendant, Toyota Motor Corporation ("TMC"), is not a resident of Texas. Alaniz is wrong. TMC is "a defendant not resident in the

United States," and its joinder is therefore "disregarded in determining where the action may be brought with respect to other defendants." 28 U.S.C. § 1391(c)(3). This case could have been brought in the Eastern District of Texas pursuant to Section 1391(b)(1).

In considering whether to transfer a case under Section 1404(a), courts consider a number of factors, including:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). Some of these factors – Alaniz's choice of forum, convenience to him as a California resident, and the greater familiarity of this Court with California law – weigh slightly against transfer. Other factors – ease of access to evidence, local interest in this putative nationwide class action, and relative court congestion – are either neutral or weigh slightly in favor of transfer.

The predominant factor in the Court's analysis is the existence and status of the consolidated proceedings in the Eastern District of Texas. In ruling on Alaniz's motion to intervene, the Texas court determined that Alaniz did not have the first-filed case and that, even if he did, the court would "exercise[] its discretion in light of compelling circumstances and decline[] to apply the first-to-file rule." *In re Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *5-9. This Court finds no reason to reach a contrary conclusion.

Moreover, even if Alaniz's case were the first-filed case, the status of the Texas proceedings would nonetheless weigh heavily in favor of transfer based on the convenience of the parties (other than Alaniz), convenience of the witnesses, and the ability to consolidate other claims. Several cases raising similar claims to Alaniz's, including under California law, have been consolidated in those proceedings, and "the causes of action alleged in Alaniz's complaint square[] almost entirely with the federal and California causes of action in the Master Amended Complaint" in the Texas litigation. *Id.* at *6. The Texas proceedings are also further advanced than this case, with motions to dismiss having been fully briefed and argued, and a scheduling

order having issued. *Id.* at *19; *In re Toyota Hybrid Brake Litig.* ECF Nos. 59, 61. In addition, because the Texas court has denied Alaniz's motion to intervene for the purpose of filing a motion to transfer, there is no indication that the consolidated proceedings will be transferred to this Court or elsewhere. Having parallel proceedings would be a waste of the parties' and judicial resources.

Defendant TMS's motion to transfer is hereby granted. The Clerk shall transfer this case to the United States District Court for the Eastern District of Texas.

**IT IS SO ORDERED.**

Dated: December 10, 2020



JON S. TIGAR
United States District Judge

3